UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE MCPHILLIPS and
RICHARD MCPHILLIPS,

    Plaintiffs,

v.                        Case No: 2:18-cv-421-FtM-99CM

SCOTTSDALE INSURANCE
COMPANY,
    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Renewed Motion to Compel Appraisal, to Stay Litigation, to Delineate and Itemize Appraisal Award, and to Strike Plaintiffs' Claim for Attorney's Fees (Doc. #15) filed on July 12, 2018. Plaintiffs filed a Response in Opposition (Doc. #18) on July 25, 2018, and defendant filed a Reply (Doc. #22). For the reasons set forth below, the Motion is granted.

**I.**

Plaintiffs Denise and Richard McPhillips ("Insureds") originally filed this action on April 27, 2018 in state court before defendant Scottsdale Insurance Company's removal on June 24, 2018. Plaintiffs allege one count for breach of contract with respect to a home owner's insurance policy, Policy No. HOS1246192, issued by Scottsdale (Doc. #9-1, the "Policy"). Scottsdale filed a Motion to Compel Appraisal (Doc. #8) one week after it removed

the case.  An Amended Complaint (Doc. #9) was filed and the first Motion to Compel Appraisal was denied as moot (Doc. #13).  Defendant thereafter filed a Renewed Motion to Compel Appraisal (Doc. #15).

On or about September 10, 2017, plaintiffs discovered property damage due to Hurricane Irma on their home in Naples, Florida (the "Property"), which was insured by Scottsdale.  (Doc. #9, ¶¶ 2, 6.)  Plaintiffs submitted a claim to Scottsdale for property damage.  (Id., ¶ 8.)  Scottsdale accepted coverage for wind and water damage caused by Hurricane Irma, but the parties dispute the extent and valuation of the covered damages.  By failing to pay the benefits for a covered cause of loss, plaintiffs claim defendant breached the Policy, causing damages.  (Id., ¶ 15.)

It does not appear that Scottsdale has previously sent plaintiffs any demand for appraisal, other than the filing of the instant Motion to Compel.  Scottsdale believes that it is entitled to appraisal because it is invoking its right to appraisal listed under the "Appraisal" clause of the Policy and under Florida law[1] an appraiser may determine the value of the loss so the parties can then allow the Court to resolve the coverage issues.  The Policy's appraisal clause states:

. . .

---

[1] In this diversity case, the Court applies Florida substantive law.

**F. Appraisal**

> If we and you disagree on the value of the property or the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that choice be made by a judge of a court of record in the state where the 'residence premises' is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> **a.** Pay its own appraiser;
>
> **b.** Bear the other expenses of the appraisal and umpire equally.

(Doc. #9-1, p. 42).

Plaintiffs object to an appraisal, arguing that because Scottsdale is in material breach of the Policy for its failure to pay the full amount of the loss, Scottsdale has waived its right to appraisal. (Doc. #18, ¶ 8.) Plaintiffs also argue that defendant waived its right to appraisal by failing to invoke the option for nine months. (Id., ¶ 20.)

## II.

**A. Appraisal Right**

Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question. Gonzalez v. Am.

Sec. Ins. Co., No: 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015) (citations omitted). However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. Id. (citations omitted); Freeman v. American Integrity Ins. Co. of Florida, 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015). "Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original). Thus, the question of what repairs are needed to restore a property is a question relating to the amount of loss and not coverage.

Scottsdale has stated that damages caused by Hurricane Irma are covered but disputes the amount of damage. On the other hand, the Insureds believe that the damage caused by Hurricane Irma is much more extensive. Thus, because there is no dispute between the parties that the cause of at least some of the damage to the Property is covered under the Policy, the remaining dispute concerning the scope of the damage is not exclusively a judicial decision and may be appropriate for appraisal.

**B. Waiver**

Plaintiffs nonetheless contend that Scottsdale waived its right to an appraisal when it breached the contract and failed to invoke appraisal for nine months.

A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." Fla. Ins. Guar. Ass'n v. Rodriguez, 153 So. 3d 301, 303 (Fla. 5th DCA 2014) (citing Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). "[T]he primary focus is whether [the insureds] acted inconsistently with their appraisal rights." Id.

On the facts of this case the Court does not find waiver. First, plaintiffs provide the Court with no legal authority to support its argument that an alleged breach by an insurer of the terms of the Policy is a basis for wavier of an appraisal right. Nor have plaintiffs provided the Court with any specific facts or Policy terms and conditions that Scottsdale breached which would impair its right to an appraisal under the Policy. Because Scottsdale clearly disputes that it breached the terms of the Policy and plaintiffs do not argue that the Policy contains any conditions precedent that are a prerequisite to demanding appraisal, plaintiffs' first argument in support of waiver fails.

Second, the nine-month delay in this case does not constitute a waiver. The appraisal clause does not require invocation prior

**B. Waiver**

Plaintiffs nonetheless contend that Scottsdale waived its right to an appraisal when it breached the contract and failed to invoke appraisal for nine months.

A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." Fla. Ins. Guar. Ass'n v. Rodriguez, 153 So. 3d 301, 303 (Fla. 5th DCA 2014) (citing Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). "[T]he primary focus is whether [the insureds] acted inconsistently with their appraisal rights." Id.

On the facts of this case the Court does not find waiver. First, plaintiffs provide the Court with no legal authority to support its argument that an alleged breach by an insurer of the terms of the Policy is a basis for wavier of an appraisal right. Nor have plaintiffs provided the Court with any specific facts or Policy terms and conditions that Scottsdale breached which would impair its right to an appraisal under the Policy. Because Scottsdale clearly disputes that it breached the terms of the Policy and plaintiffs do not argue that the Policy contains any conditions precedent that are a prerequisite to demanding appraisal, plaintiffs' first argument in support of waiver fails.

Second, the nine-month delay in this case does not constitute a waiver. The appraisal clause does not require invocation prior

**B. Waiver**

Plaintiffs nonetheless contend that Scottsdale waived its right to an appraisal when it breached the contract and failed to invoke appraisal for nine months.

A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." Fla. Ins. Guar. Ass'n v. Rodriguez, 153 So. 3d 301, 303 (Fla. 5th DCA 2014) (citing Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). "[T]he primary focus is whether [the insureds] acted inconsistently with their appraisal rights." Id.

On the facts of this case the Court does not find waiver. First, plaintiffs provide the Court with no legal authority to support its argument that an alleged breach by an insurer of the terms of the Policy is a basis for wavier of an appraisal right. Nor have plaintiffs provided the Court with any specific facts or Policy terms and conditions that Scottsdale breached which would impair its right to an appraisal under the Policy. Because Scottsdale clearly disputes that it breached the terms of the Policy and plaintiffs do not argue that the Policy contains any conditions precedent that are a prerequisite to demanding appraisal, plaintiffs' first argument in support of waiver fails.

Second, the nine-month delay in this case does not constitute a waiver. The appraisal clause does not require invocation prior

to suit and Scottsdale filed its Motion to compel on June 21, 2018, one week after removing the case. See, e.g., Am. Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So. 3d 704, 707 (Fla. 1st DCA 2010) (indicating appraisal demand was timely as policy did not contain any language to invoke appraisal within set time from receiving or waiving sworn proof of loss); Fla. Ins. Guar. Ass'n v. Castilla, 18 So. 3d 703, 703-05 (Fla. 4th DCA 2009); (explaining appraisal clause may be invoked for first time after litigation has commenced and concluding that party did not act inconsistently with right to appraisal by participating in suit); Gonzalez v. State Farm Fire and Cas. Co., 805 So. 2d 814, 818 (Fla. 3d DCA 2000) (finding no waiver where motion to compel appraisal was made within thirty days of filing the lawsuit). Cf. Shoma Dev. Corp. v. Rodriguez, 730 So. 2d 838 (Fla. 3d DCA 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause). Moreover, the facts as set forth by the parties show that Scottsdale was working on the claim throughout the time period that plaintiffs allege inactivity. Finally, Scottsdale has not extensively litigated this case, and has not yet filed an answer to the Amended Complaint.

Appraisal is appropriate here given that Scottsdale has admitted that at least some of the loss is covered by the Policy but disputes the amount of its liability. "'[W]hen the insurer

admits that there is a covered loss, any dispute on the amount of loss suffered is appropriate for appraisal.'" Fla. Ins. Guar. Ass'n v. Lustre, Case No. 2D13-5780, 2015 WL 1874445 (Fla. 2d DCA Apr. 24, 2015) (quoting Cincinnati Insurance Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140 (Fla. 2d DCA 2014)). Accordingly, the appraisal requested by Scottsdale is both mandated by the Policy and appropriate under the facts of the case. The case will be stayed while the appraisal is obtained.

**C. Itemized and Delineated Appraisal**

Scottsdale requests that the Court direct the appraisers to prepare a line itemization of damages and delineation of scope in the appraisal award as there are remaining coverage issues to be decided by the Court. Plaintiffs did not state a position as to Scottsdale's request for a delineated appraisal.

A detailed line-item appraisal has been found to streamline the litigation process because an appraiser assigns a value for a particular type of damage, which allows the Court to more easily assess coverage disputes. Bonafonte v. Lexington Ins. Co., No. 08-cv-21062-CIV, 2008 WL 2705437, *2 (S.D. Fla. July 9, 2008). See also Florida Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc., 34 So. 3d 791, (Fla. 4th DCA 2010) (quoting Bonafonte) (approving the use of a line-item appraisal form, which allows the court to "readily identify any coverage issues that arise during the course of the appraisal and resolve these without having to try and

decipher what value the appraiser assign for a particular type of damage").  The Court agrees that such an approach could streamline coverage issues and seeing no objection from plaintiffs, the Court approves the use of a line-item appraisal.

**D. Demand for Attorney's Fees**

Defendant asserts that plaintiffs' request for attorney's fees in the Amended Complaint must be stricken because plaintiffs seek attorney fees pursuant to Florida Statute section 627.428 (Doc. #9, ¶ 17) and defendant is a surplus lines insurer to which this section does not apply.  Plaintiffs' Response did not address the request to strike.

Plaintiffs' Amended Complaint states that they are entitled to attorney's fees "pursuant to § 626.9373 and § 627.428."  (Doc. #9, ¶ 17.)  The Court agrees that one of the statutes cited in the Amended Complaint for which plaintiff seeks attorneys' fees (§ 627.428) does not apply to surplus lines insurers.  See Fla. Stat. § 626.913(4).  However, Florida Statute section 626.9373 contains an attorneys' fees provision that applies to surplus lines insurers.  Therefore, as requested, the Court will strike the request for attorney's fees pursuant to § 627.428, but the basis for recovering attorney's fees pursuant to § 626.9373 will remain.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Defendant's Renewed Motion to Compel Appraisal, to Stay Litigation, to Delineate and Itemize Appraisal Award, and to Strike Plaintiffs' Claim for Attorney's Fees (Doc. #15) is **GRANTED.** The Court compels appraisal and will stay this case.  The parties shall cooperate in expeditiously obtaining an appraisal in the manner proscribed by the appraisal clause of the subject insurance policy, and this case is **STAYED** pending further notification by the parties that the stay is due to be lifted.

2.   Plaintiff's request to strike plaintiff's demand for attorney's fees in the Amended Complaint pursuant to Fla. Stat. § 627.428 (Doc. #9, ¶ 17) is **granted**.

3.   The parties shall file a status report on or before **November 9, 2018** if the appraisal is not complete or a notification has not been filed by this date.

4.   The Clerk shall terminate all deadlines, administratively close this case, and add a stay flag to the docket.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record